UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 16-cr-40012-TSH |
| | ) | |
| JEFFREY CORDIO, | ) | |
| Defendant. | ) | |

## MOTION BY UNITED STATES TO REMAND DEFENDANT

The United States of America, by Assistant United States Attorney Greg A. Friedholm, hereby moves the Court pursuant to 18 U.S.C. § 3143(a) to remand defendant Jeffrey Cordio ("Defendant") to the custody of the United States Marshals Service upon the Court's imposition of sentence on August 17, 2016.

In support of the motion the government states as follows:

1.      On November 13, 2013, Defendant and a co-conspirator intentionally set fire to the restaurant that Defendant owned in Leominster, Massachusetts.   The co-conspirator was badly burned in the process.

2.      Defendant was charged by criminal complaint with arson, in violation of 18 U.S.C. § 844(i), and conspiracy to commit arson, in violation of 18 U.S.C. § 844(n).[1]   A conviction for violation of 18 U.S.C. § 844(i) carries a five year mandatory minimum sentence, and a seven year mandatory minimum sentence if personal injury results.

3.      On March 9, 2016, Defendant pled guilty to a one count Information charging him conspiracy to use fire to commit mail fraud, in violation of 18 U.S.C. § 844(m).   That plea was the

---

[1]   *See* 15-mj-4384-DHH.

result of a plea agreement whereby Defendant agreed to a 48-month sentence in return for the government not indicting him with violation of 18 U.S.C. § 844(i).

4.     The Court scheduled Defendant's sentencing for June 1, 2016.   At Defendant's request, and without objection by the government, the Court continued the sentencing for over two months until August 17, 2016.

5.     On June 23, 2016, Defendant moved to Court to modify his condition of release so as to allow him to travel out of state with his family.   The government did not object and the Court allowed Defendant's motion on June 27, 2016.

6.     Pursuant to 18 U.S.C. § 3143(a)(2), the Court must remand an individual convicted of a violation of 18 U.S.C. § 844(i), an offense enumerated in 18 U.S.C. § 2332b(g)(5)(B), unless certain conditions not applicable to this matter apply.   Here, although Defendant was not convicted of violation of 18 U.S.C. § 844(i), his admitted conduct falls squarely within the scope of the aggravated portion of that statute.   Moreover, over one-half of a year has passed since Defendant pled guilty.

WHEREFORE, the government moves the Court to remand Defendant to the custody of the United States Marshals Service upon the imposition of the sentence on August 17, 2016.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By:     */s/ Greg A. Friedholm*
GREG A. FRIEDHOLM
Assistant U.S. Attorney
United States Attorney's Office
595 Main Street
Worcester, Massachusetts 01608

Dated: August 4, 2016

2

## **Certificate of Service**

This is to certify that I have served counsel for the defendant, Edward Ryan, a copy of the foregoing document by electronic mail via the ECF system.

/s/ Greg A. Friedholm
Greg A. Friedholm
Assistant U.S. Attorney

Dated: August 4, 2016