**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ———————————————————— ) | |
| ) | |
| **UNITED STATES OF AMERICA** ) | **CRIMINAL ACTION** |
| ) | |
| ) | **NO. 16-40012-TSH** |
| **v.** ) | |
| ) | |
| **JEFFREY CORDIO** ) | |
| ) | |
| ) | |
| ——————————————————— ) | |

**MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION TO CORRECT**
**SENTENCE (Docket No. 37)**

**July 26, 2017**

**HILLMAN, D.J.**

The United States of America filed the present motion to correct the sentence imposed on

defendant Jeffrey Cordio to include an order of restitution to Norfolk & Dedham Mutual Fire

Insurance Company ("Norfolk & Dedham") for the expenses it incurred investigating his

fraudulent insurance claim, as required by the Mandatory Victim Restitution Act ("MVRA"), 18

U.S.C. §§ 3663A and 3664. Cordio opposes the motion on the basis that the Government (1) has

failed to satisfy the three prong test for ordering restitution set forth in *United States v. Janosko*,

642 F.3d 40, 42 (1st Cir. 2011); and (2) the matter of restitution is waived because the Pre-Sentence

Report (PSR) only suggested that restitution may be ordered pursuant to 18 U.S.C. §§

3663(a)(1)(A) or 3663(a)(3), but did not mention §§ 3663A or 3664. For the reasons outlined

below, the Government's motion to correct the sentence to include restitution is ***granted***.

## Background

Jeffrey Cordio and his wife were co-owners of the West End Diner in Leominster, Massachusetts.  Cordio purchased an insurance policy on the establishment through Norfolk & Dedham, which was renewed annually, including from the period from March 2013 through March 2014.  On September 9, 2013, Leominster Fire Department responded to a fire at the Diner, which was contained to the second floor.  Cordio filed a claim under his policy with Norfolk & Dedham for losses due to the September 2013 fire and, although the circumstances of the fire were suspect, Norfolk & Dedham paid him a total of $63,283 on his claim.  On November 13, 2013, Leominster Fire Department responded to another fire at the Diner, which they were able to suppress before it advanced significantly beyond the basement.  On November 14, 2013, Cordio submitted another claim to Norfolk & Dedham.  Due to the suspicious nature of this second fire, Norfolk & Dedham promptly engaged Frontier Adjusters and EFI Global to investigate the cause and origin of the fire.  On November 25, 2013, Cordio was arrested and charged with offenses related to the fire.  EFI Global visited the Diner on at least three occasions in November 2013 to collect samples, and ultimately issued its report to Norfolk & Dedham on December 30, 2013, concluding that the fire was intentionally set.  Cordio informed Norfolk & Dedham on January 16, 2014 that he would not produce requested records or appear for the examination under oath scheduled for January 30, 2014.  Norfolk & Dedham incurred $13,170.45 in legal and investigation expenses prior to January 16, 2014, and a further $2,157.41 of legal fees after this date, including legal fees for completion of the subsequent legal steps necessary to deny Cordio's claim, and fees for storage of physical evidence taken from the Diner.

Cordio pled guilty to a one count Information charging him with Use of Fire to Commit Mail Fraud, in violation of 18 U.S.C. § 844(m) on March 9, 2016, admitting to intentionally setting

the November 2013 fire at the Diner for the purposes of defrauding Norfolk & Dedham.  In his plea, entered pursuant to Rule 11(c)(1)(C), Cordio agreed to (a) plead guilty to the § 844(m); (b) serve a four-year prison sentence followed by three years of supervised release; and (c) pay "restitution as deemed appropriate by the Court [including costs incurred by the Norfolk & Dedham Mutual Fire Insurance Company]."  Plea Agreement, Docket No. 21, p. 4.

This Court sentenced him to a term of 48 months imprisonment on August 17, 2016, but did not order restitution at that time.  On September 14, 2016, the Government moved to correct Cordio's sentence to include an order of restitution to Norfolk & Dedham in the amount of $15,327.66, the total amount of expenses it incurred investigating Cordio's fraudulent insurance claim.

### Discussion

The Mandatory Victim Restitution Act requires a sentencing court to order a defendant to make restitution to the victim of that defendant's "offense against property under this title… including any offense committed by fraud or deceit."  18 U.S.C. §§ 3663A(a)(1) and (c)(1)(A)(ii). In addition, the sentencing court must "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).  A "victim" is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered…." 18 U.S.C. § 3663A(a)(2).  Cordio does not dispute that Norfolk & Dedham qualifies as a victim under the MVRA.

The First Circuit has outlined a three-part inquiry to determine whether a victim's expenses qualify for restitution: 1) "they would not have been incurred in the absence of the offense"; 2) "were not too attenuated in fact or time from the crime"; and 3) "were reasonably foreseeable."

*United States v. Janosko*, 642 F.3d 40, 42 (1st Cir. 2011) (internal citations and quotations omitted).

As to the first factor of the three-part inquiry, Cordio concedes that Norfolk & Dedham's expenses would not have been incurred absent his offense.  With regard to the second prong, Cordio argues that the investigation expenses were unnecessary because he was quickly implicated in the scheme to set fire to the Diner, and was arrested in connection with the fire on November 25, 2013.  Cordio contends that the expenses were attenuated in fact from the crime because they were unnecessary to the denial of the claim, as Norfolk & Dedham had more than sufficient grounds to deny Cordio's claim by November 25, 2013, the date of his arrest.

The *Janosko* court makes clear that claims must not be too far attenuated in fact or time from the crime, however, it does not impose any additional hurdle concerning the avoidability of the expenses.  While Norfolk & Dedham might have gotten away with fewer expenses if it had acted with perfect efficiency and guessed correctly at the outcome of the criminal proceedings, the Court doesn't find it reasonable to require clairvoyance from a victim.

As to the final factor, Cordio argues that expenses incurred by Norfolk & Dedham were not reasonably foreseeable because Cordio did not pursue his claim on or after the date of his arrest, and Norfolk & Dedham's investigation was duplicative of the investigation conducted by law enforcement.  The Court does not find in the record that it was necessarily clear that Cordio had irrevocably abandoned his claim.  Norfolk & Dedham merely acted with ordinary prudence, taking into account that the outcome of criminal proceedings cannot be known for sure until they are complete.  Having examined in further detail the expenses incurred after the January 16, 2014 refusal to appear under oath, the Court is satisfied that those expenses covered the legitimate and normal winding down of the victim's efforts in this matter.  It was therefore entirely foreseeable

4

that the victim would continue to incur expenses in parallel with the criminal investigation and proceedings.

Finally, Cordio claims that by including references in the PSR to §§ 3663(a)(1)(A) and 3663(a)(3) of the MVRA, but not §§ 3663A or 3664, the government waived those provisions of the Act.  However, the government's error here does not serve to waive the victim's rights.  In *Dolan vs United States* 560 U.S. 605, 611, 616 (2010), the Supreme Court clarified that the MVRA was, as titled, mandatory, and that delay or mistake by government or court should not "depriv[e] a court of the power to award restitution to victims," provided that there was no substantive prejudice to a convicted individual ordered to pay MVRA restitution under a delayed order.  Here, the failure to cite the MVRA correctly in the PSR does not negate congressional intent with respect to mandatory restitution.  The government's motion thus falls squarely within the broad latitude outlined in *Dolan*.  Cordio acknowledged that he was on notice that restitution was on the cards, and disputes only whether or not an order of restitution should take account of his means to pay. He therefore suffers no undue prejudice here.

## Conclusion

For the reasons outlined above, the government's motion to correct sentence (Docket No. 37) is ***granted***.  Jeffrey Cordio's sentence is amended to include an ORDER to pay restitution to Norfolk & Dedham Mutual Fire Insurance Company in the amount of $15,327.86.


**SO ORDERED.**


/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

5